UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACIE BRYAN, O/B/O T.R.J., a minor child,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | NO:  14-CV-5043-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

        BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 14 and 17. This matter was submitted for consideration without oral argument. Plaintiff was represented by D. James Tree. Defendant was represented by Franco L. Becia. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

Tracie Bryan protectively filed for supplemental security income ("SSI") on behalf of T.R.J., a minor ("Plaintiff"), on November 9, 2010. Tr. 165. Plaintiff alleged an onset date of November 9, 2010. Tr. 165. Benefits were denied initially (Tr. 108-110) and upon reconsideration (Tr. 114-116). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ R.J. Payne on February 7, 2013, with a supplemental hearing on April 25, 2013. Tr. 40-85. Plaintiff was represented by counsel. Plaintiff's mother, Tracie Bryan, and medical expert Margaret Moore, Ph.D., also testified. Tr. 44-65, 71-84. The ALJ denied benefits (Tr. 15-39) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 12 years old at the time of the hearings. Tr. 42, 72. Plaintiff's mother testified that Plaintiff is aggressive and violent with her and Plaintiff's sister a couple of times a week. Tr. 73. She testified that Plaintiff has been suspended from school seven or eight times, and that she gets "complaints" from school several times a month. Tr. 74-75, 78. Plaintiff's mother testified that Plaintiff is on medication for sleeping but it does not help. Tr. 79. She testified that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 2

Plaintiff has no friends, does no chores, and is only interested in a hand-held video game device. Tr. 80-83. Plaintiff alleges disability based on attention deficit hyperactivity disorder ("ADHD"), learning disability, and asthma. *See* Tr. 114.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## SEQUENTIAL EVALUATION PROCESS

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382(c(a)(3)(C)(i)(2003).

The regulations provide a three-step process to determine whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the analysis proceeds to step two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

it constitutes a slight abnormality or combination of slight abnormalities that cause no more than minimal functional limitations. *Id.* If, however, there is a finding of severe impairment, the analysis proceeds to the final step, which requires the ALJ to determine whether the impairment or combination of impairments meet, medically equal or functionally equal the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six broad areas of functioning, or domains, are considered: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for self, and health and physical well-being. 20 C.F.R. § 416.926a.

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 9, 2010, the alleged onset date. Tr. 21. At step two, the ALJ found Plaintiff has the following severe impairments: asthma; attention deficit hyperactivity disorder ("ADHD"); mood disorder not otherwise specified; history of oppositional defiant disorder; question

learning disorder; and question parent-child issues. Tr. 21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 26. The ALJ then determined Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings. Tr. 26. As a result, the ALJ concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since November 9, 2009, the date the application was filed. Tr. 36.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts that (1) the ALJ improperly rejected the opinions of Plaintiff's treating, examining, and reviewing physicians; and (2) the ALJ erred at step 3 of the sequential evaluation. ECF No. 14 at 6-25. Defendant argues that (1) the ALJ properly considered and addressed the medical opinion evidence of record; and (2) substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or functionally equal a listing. ECF No. 17 at 4-18.

## DISCUSSION

### A. Medical Opinions

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). Plaintiff argues the ALJ improperly rejected the opinions of Plaintiff's treating, examining, and reviewing physicians. ECF No. 14 at 7-17.

**1. Dr. Cheta Nand**

On January 30, 2012, Dr. Nand, Plaintiff's treating physician, completed two "affidavit of physician" forms indicating that Plaintiff met listing 112.11 for ADHD and listing 112.04 for mood disorders Tr. 369-373. The finding as to the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    ADHD listing was "based upon the following evidence:" hyperactivity; doing

2    poorly in school; and major difficulty in focusing. Tr. 369. The opinion regarding

3    "mood disorder" listing was based on evidence of labile mood, and "get[ting]

4    angry or aggressive at times [and] other times feels sad and depressed." Tr. 371.

5    The ALJ granted Dr. Nand's opinion "no weight" because "[a]s outlined by Dr.

6    Moore, the opinion by Dr. Nand is totally unsupported by her own treatment

7    notes." Tr. 28-29. Plaintiff argues the ALJ improperly rejected the opinion of Dr.

8    Nand without providing adequate reasoning. ECF No. 14 at 8-13.

9            As an initial matter, Plaintiff argues that the ALJ improperly relies on the

10   opinion of non-examining medical expert, Dr. Margaret Moore, to reject Dr.

11   Nand's opinion. ECF No. 20 at 1-2. Plaintiff correctly notes that "[t]he opinion of a

12   nonexamining physician cannot *by itself* constitute substantial evidence that

13   justifies the rejection of the opinion of either an examining or a treating physician."

14   *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(emphasis added). However, the

15   court notes that social security regulations dictate that "with respect to the

16   disability of an individual who has not attained the age of 18 years …, the

17   Commissioner of Social Security *shall* make reasonable efforts to ensure that a

18   qualified pediatrician" or specialist in the appropriate field evaluates the case as a

19   whole. 42 U.S.C. § 1382c(a)(3)(I)(emphasis added). Moreover, when the treating

20   physician's opinion is contradicted by medical evidence, the opinion may still be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

rejected if the ALJ provides specific and legitimate reasons supported by substantial evidence in the record. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). Here, the ALJ noted contradictions in the medical evidence, and offered additional reasoning for rejecting Dr. Nand's opinion. Specifically, the ALJ found that Dr. Nand's opinion was "totally unsupported" by her treatment notes. Tr. 28-29. Consistency with the medical record as a whole, and between a treating physician's opinion and his or her own treatment notes, are relevant factors when evaluating a treating physician's medical opinion. *See Bayliss*, 427 F.3d at 1216. Plaintiff argues at length that the ALJ in this case improperly failed to consider the episodic nature of bipolar disorder and "made no attempt to explain why some periods of improvement and other periods of severely impaired functioning would be inconsistent with Dr. Nand's diagnosis of bipolar disorder and observations of labile mood." ECF No. 14 at 10-13 (citing *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2006) (noting the ALJ is not permitted to "cherry pick" from record particularly when "[t]he very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated.")).

However, in contrast to Plaintiff's argument that the ALJ improperly cherry-picked from the evidence to support his conclusion, a review of the ALJ's entire

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

decision reveals that the ALJ properly set out a "detailed and through summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); Tr. 21-26, 27-29. Moreover, while Plaintiff cites notes taken by Dr. Nand that would tend to support Plaintiff's claimed limitations, those same notes continuously reference ongoing improvement and largely normal findings on mental status exams; which is inconsistent with Plaintiff's argument that the ALJ's findings ignored the alleged "episodic nature" of Plaintiff's claimed bipolar disorder. In his decision, the ALJ referenced observations in all of Dr. Nand's notes that "indicate the claimant had intact judgment and insight, good coping skills, and intact cognitive skills. Tr. 29. In September 2008 Dr. Nand noted that Plaintiff had "major difficulties sitting still in the assessment, asking many times if it was time to go," and "was up and down on the chair, on the ground, pacing, asking to go use the bathroom." Tr. 310-311. However, during this *same* assessment, Dr. Nand found that Plaintiff was "alert and oriented," with articulate speech, intact memory, and "fully focused." Tr. 311. In August 2009, Plaintiff notes that Dr. Reuben Singer, M.D., another physician at Dr. Nand's office, noted the diagnoses of ADD w/hyperactivity, learning problems, ODD, and bipolar disorder. Tr. 319. However, Plaintiff's briefing did not include Dr. Singer's findings that Plaintiff was "clinically stable" and Plaintiff's own reports that he was "doing well" on his medications" and "happy

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

about his new classes and teacher." Tr. 319-320. Again, Plaintiff highlights Dr. Nand's finding in March 2010 that Plaintiff "was still unstable at times," but fails to include Dr. Nand's conclusion that despite these unstable times, he "is overall doing better," "fully focused," and "responding well to treatment" with "[g]ood coping skills." Tr. 306-307. In August 2010, Plaintiff had "poor" concentration and low energy level, but during the same visit Dr. Nand noted appropriate behavior and direct eye contact, as well as good response to treatment and "good coping skills." Tr. 303. In May 2011 and August 2011, Dr. Nand found poor concentration and labile mood during the mental status exam, and noted that he "continues to have problems in school." Tr. 329, 333. However, Dr. Nand also consistently found that Plaintiff was fully focused, mood was with affect, he continued to improve, and had "good coping skills." Tr. 328-329, 332-333.

After reviewing record, the court finds that while there is evidence in Dr. Nand's treatment notes that could be interpreted more favorably to the Plaintiff, "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Finally, as noted by psychological expert Dr. Moore, whose opinion was summarized in detail and given significant weight by the ALJ, Dr. Nand's opinion is also "totally unsupported" by treatment notes indicating that no testing was done to substantiate the diagnoses of ADHD and bipolar disorder,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

and providing no clear reason for why medications were prescribed for Plaintiff. [1]

Tr. 24-25, 49-51. "[A]n ALJ need not accept a[] physician's opinion that is

conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*,

242 F.3d 1144, 1149 (9th Cir. 2001). For all of these reasons, the ALJ properly

relied on medical expert testimony and substantial evidence to reject Dr. Nand's

opinion as unsupported by the treatment notes.

### 2. Dr. Philip G. Barnard

In April 2011 Dr. Barnard conducted a psychological consultative

examination of Plaintiff. Tr. 324-327. Dr. Barnard noted that Plaintiff "seemed

somewhat fidgety. He showed motor-restlessness. He yawned frequently. His

---

[1] The Defendant cites testimony by Dr. Moore that it was "significant" that "there

is not much observation of the young claimant himself, [rather] information is

derived mostly from parental reports." Tr. 24, 49-51. Thus, Defendant argues that

the ALJ properly rejected Dr. Nand's opinion because it was premised on

Plaintiff's mother's subjective complaints, which were found not credible by the

ALJ. ECF No. 17 at 9-10. However, the ALJ did not offer this reasoning in the

decision, and the court "review[s] the ALJ's decision based on the reasoning and

factual findings offered by the ALJ – not post hoc rationalizations that attempt to

intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.

Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

affect was rather flat to depressed." Tr. 325. After conducting psychological tests, Dr. Barnard concluded that Plaintiff's reasoning abilities on verbal tasks are in the "low-average range" and his nonverbal abilities are "significant[ly] higher and in the Average range." Tr. 326. Dr. Barnard also noted that Plaintiff was in the fourth grade at the time of the examination, and on achievement tests he was reading at the fourth grade level, spelling at the fourth grade level, and had math skills at a third grade level. Tr. 326. Overall, Dr. Barnard concluded that Plaintiff "showed difficulty during the testing session in following tasks and staying focused. Diagnostically, [Plaintiff] demonstrates an [ADHD]/Combined Type …. He also exhibits a Bipolar Disorder, NOS…. The prognosis in this situation is guarded." Tr. 327.  Plaintiff argues the ALJ improperly rejected Dr. Barnard's opinion without providing adequate reasoning. ECF No. 14 at 13-16. The court disagrees.

The ALJ relied on Dr. Moore's expert testimony  that "she did not think there was much information available to Dr. Barnard, other than the mother's statements, and further, she believed Dr. Barnard simply adopted the diagnoses of record based on the lack of testing to support the diagnoses reported." Tr. 29. As noted above, "[t]he opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." *Lester*, 81 F.3d at 831 (emphasis added). However, when the treating physician's opinion is contradicted by medical

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1   evidence, the opinion may still be rejected if the ALJ provides specific and

2   legitimate reasons supported by substantial evidence in the record. *See Andrews,*

3   53 F.3d at 1041. As highlighted by Dr. Moore in her testimony, the ALJ found a

4   lack of testing to support Dr. Barnard's diagnoses of ADHD and bipolar disorder.

5   Tr. 29, 57-58, 62-63. "[A]n ALJ need not accept a[] physician's opinion that is

6   conclusory and brief and unsupported by clinical findings." *Tonapetyan*, 242 F.3d

7   at 1149. The court agrees with Plaintiff that, despite Dr. Moore's comments to the

8   contrary, Dr. Barnard's report identifies a substantial amount of information he

9   reviewed, including: teacher questionnaires and report forms, a psychoeducational

10  assessment from 2009, and treatment notes. Tr. 324. Dr. Barnard also administered

11  the Wechsler Intelligence Scale for Children – IV to Plaintiff, and the Vineland

12  Adaptive Behavior Scales to Plaintiff's mother. Tr. 325-327.  However, as noted

13  by the ALJ, no behavioral difficulties were observed by Dr. Barnard upon

14  examination, and "[t]esting indicated the claimant's intelligence was in the lower

15  end of the average range, with commiserate word reading and spelling skills,

16  although sentence comprehension and math were a grade level behind." Tr. 29,

17  326-327. Thus, it was reasonable for the ALJ to find that Dr. Barnard's diagnoses

18  of ADHD and bipolar disorder was unsupported by these relatively benign clinical

19  findings.[2] *See Burch*, 400 F.3d at 679 ("where evidence is susceptible to more than

20  _____

[2] The ALJ also noted that "Dr. Barnard's comment that the claimant's overall

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

one rational interpretation, it is the [Commissioner's] conclusion that must be upheld.").

Moreover, while not acknowledged in Plaintiff's briefing, the ALJ noted that Dr. Barnard performed testing but "did not comment upon any functional limitations, other than to note the claimant's mother's report of significant behavioral problems for several years." Tr. 29. Rather, Dr. Barnard briefly noted that Plaintiff had some difficulties following tasks and staying focused; diagnosed Plaintiff with ADHD and bipolar disorder; and offered the vague conclusion that the "prognosis in this situation is guarded." Tr. 327. It is well settled in the Ninth Circuit that the ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d

cognitive ability was 'unable to be summarized because his nonverbal reasoning abilities were much better developed than his verbal reasoning skills' is somewhat confusing." Tr. 29. Plaintiff argues that "[t]he ALJ's own admitted confusion is not an adequate reason for rejecting [the] examining psychologist's opinions." ECF No. 14 at 14. However, this admittedly vague commentary by the ALJ does not appear to be offered as a reason for rejecting Dr. Barnard's opinion, and therefore the court declines to analyze whether the ALJ erred in making this statement. Moreover, as discussed in this section, any error by the ALJ in making this statement would be harmless. *See Carmickle*, 533 F.3d at 1162.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1393, 1394-95 (9th Cir. 1984). Here, while the ALJ did consider his findings; Dr.

Barnard's opinion is arguably not significant probative evidence because he did not

identify any specific functional limitations applicable to the six domains. *See* ECF

No. 17 at 11-12. Moreover, even if the ALJ erred in failing to assign weight to Dr.

Barnard's opinion, any error is harmless because Dr. Barnard's opinion does not

contain evidence of additional limitations beyond the ALJ's findings. *See*

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (an

error is harmless as long as there is substantial evidence supporting the ALJ's

decision, and the error does not affect the ultimate nondisability determination).

### 3. Grant Gilbert, Ph.D.

In May 2011, DDS psychologist Dr. Gilbert completed a childhood

disability evaluation as part of the disability determination explanation ("DDE") at

the initial level of Plaintiff's SSI claim. Tr. 87-95. Dr. Gilbert found that Plaintiff

had a marked limitation in the domain of attending and completing tasks. Tr. 91.

Plaintiff briefly argues, without offering legal authority to support his contention,

that the ALJ erred by failing to consider or reject Dr. Gilbert's "opinion." ECF No.

14 at 16-17. The court disagrees. As noted above, an ALJ is not required to discuss

every piece of evidence in the record. *See Howard ex rel. Wolff v. Barnhart*, 341

F.3d 1006, 1012 (9th Cir. 2003). Instead, he or she is only required to explain why

"significant probative evidence has been rejected." *Vincent*, 739 F.2d at 1394-95.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

After reviewing the record as a whole, the court finds that Dr. Gilbert's evaluation at the initial level was not significant probative evidence. As an initial matter, social security regulations state that "[m]edical and psychological consultants in the State agencies are adjudicators at the initial and reconsideration determination levels…. As such, they do not express opinions; they make findings of fact that become part of the determination." SSR 96-5p, 1996 WL 374183 at *6 (July 2, 1996). Moreover, as noted by Defendant, Dr. Gilbert only identified "marked" limitations in one out of the six domains of functioning, and the ultimate finding at the initial level was that Plaintiff was "not disabled." ECF No. 17 at 12 (citing 91-95). A medically determinable impairment or combination of impairments functionally equals a listed impairment only if it resulted in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. Thus, even if the ALJ erred by not considering Dr. Gilbert's opinion that Plaintiff had marked limitations solely in domain of attending and completing tasks, any error is harmless because, based on the entire record, it would be inconsequential to the determination that Plaintiff is not disabled. ECF No. 17 at 12 (citing *Molina*, 674 F.3d at 1115). For these reasons, the court finds the ALJ did not err by failing to consider Dr. Gilbert's "opinion" in the decision.

**B. Step Three**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

At step three of the sequential analysis, the ALJ must determine whether the impairment or combination of impairments meet, medically equal or functionally equal the severity of a set of criteria for an impairment in the Listings. 20 C.F.R. § 416.924(d). As an initial matter, Plaintiff makes the cursory argument that the ALJ improperly determined that Plaintiff does not meet the Listings. ECF No. 14 at 17. However, this argument is based solely on the assumption that the ALJ improperly rejected Dr. Nand's opinion that Plaintiff met the Listings for ADHD and Mood Disorder. As discussed in detail above, the ALJ's reasons for rejecting Dr. Nand's opinion were legally sufficient and supported by substantial evidence. Thus, the ALJ did not err by finding that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the Listings. Tr. 26.

Where a child's impairment does not meet or equal one of the Listings, her impairments are evaluated under a functional equivalency standard. 20 C.F.R. § 416.926a. To be functionally equivalent, an impairment must "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." § 416.926a(a). The domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. § 416.926a(b)(1). A limitation is marked where an

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

impairment "interferes seriously with your ability to independently initiate, sustain, or complete activities." § 416.926a(e)(2)(i). Marked limitations are "'more than moderate' but 'less than extreme.'" § 416.926a(e)(2)(i). A limitation is extreme where an impairment "interferes very seriously with your ability to independently initiate, sustain, or complete activities." § 416.926a(e)(3)(i).

The ALJ is responsible for deciding functional equivalence after consideration of all evidence submitted. 20 C.F.R. § 416.926a(n). The regulations list the information and factors that will be considered in determining whether a child's impairment functionally equals a listing. 20 C.F.R. §§ 416.926a, 416.924a, 416.926a. In making this determination, the Commissioner considers test scores together with reports and observations of school personnel and others. §§ 416.924a, 416.926a(e)(4)(ii). The ALJ also considers what activities the child is, or is not, able to perform; how much extra help the child needs in doing these activities; how independent she is; how she functions in school; and the effects of treatment, if any. § 416.926a(b). In evaluating this type of information, the ALJ will consider how "appropriately, effectively, and independently" the child performs activities as compared to other children her age who do not have impairments. § 416.926a(b). This information comes from examining and non-examining medical sources as well as "other sources" such as parents, teachers,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

case managers, therapists, and other non-medical sources who have regular contact

with the child. *See* § 416.913(c)(3), d; Social Security Ruling ("SSR") 98-1p, IV.B.

Plaintiff argues the ALJ erred by finding less than marked limitations in the

domains of interacting and relating with others, and attending and completing

tasks. ECF No. 14 at 18-25. The court will examine each domain in turn.

## 1.  Interacting and Relating with Others

In the 'interacting and relating with others' domain, the ALJ considers how

well the child initiates and sustains emotional connections with others, develops

and uses the language of his community, cooperates with others, complies with

rules, responds to criticism, and respects the possessions of others. 20 C.F.R. §

416.926a(i). A typically functioning school-age child (age 6 to attainment age of

12) is expected to: develop more lasting friendships with children his age; begin to

understand working in groups to create projects and solve problems; increasing

ability to understand other points of view; and talk well to people of all ages, share

ideas, tell stories, and speak in a manner that both familiar and unfamiliar listeners

readily understand. § 416.926a(i)(2)(iv).

The ALJ identified a less than marked limitation in Plaintiff's ability to

interact and relate with others. Tr. 33. Plaintiff  argues that the ALJ erred by

making "no findings specific to this domain," choosing instead to improperly rely

on Dr. Moore's expert testimony. ECF No. 14 at 20. Defendant responds that the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

ALJ's finding of less than marked limitations in this domain was supported by substantial evidence. ECF No. 17 at 15-17. The court agrees. As an initial matter, Plaintiff offers no case law to support his argument that the ALJ was required to specifically discuss every individual component of his evaluation of this domain. Further, Plaintiff supports his argument by citing a teacher questionnaire completed by Plaintiff's fourth grade teacher indicating that he had "an obvious problem" on a daily basis playing cooperatively with others, making and keeping friends, seeking attention appropriately, relating experiences and telling stories, and using adequate vocabulary. Tr. 248. This teacher additionally noted that Plaintiff's peers often complain that Plaintiff calls them names, and he has hit or kicked kids "maybe" four times that year. Tr. 248. Plaintiff also cites instances of discipline at school, over the course of almost two calendar years, that included punching, throwing a ball at another student, making inappropriate comments, being defiant, bullying, and using inappropriate language. Tr. 291. Finally, Plaintiff references his mother's testimony indicating behavioral problems outside of the school setting. ECF No. 14 at 22 (citing 72-80).

    First, the court notes that the ALJ found Plaintiff's mother's testimony was not credible, and this finding was not challenged in Plaintiff's briefing. Tr. 27-28. Thus, Plaintiff's mother's testimony has limited relevance in determining whether substantial evidence supports the ALJ's finding in this domain. Second, the ALJ's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

decision includes discussion all of the evidence cited in Plaintiff's briefing that might be considered more favorable to the Plaintiff, including the fourth grade teacher's evaluation and the disciplinary records over the course of three school years, and found they were "not supportive of ongoing, significant behavioral difficulties." Tr. 28, 33; *see Burch*, 400 F.3d at 679 ("where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). It is particularly notable that while Plaintiff's fourth grade teacher did assess "obvious" problems in this domain on a daily basis, the same teacher noted it was *not* necessary to implement behavior modifications. Tr. 248.

Finally, while not addressed by Plaintiff in his briefing, the ALJ relied on evidence in addition to Dr. Moore's testimony to support the finding of less than marked limitations in this domain. *See Andrews*, 53 F.3d at 1041 (testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record). This evidence included (1) the results of psychoeducational assessment testing in 2011 finding that Plaintiff's behaviors fell within the normal range for his age and gender (Tr. 221); (2) the opinion of Plaintiff's fifth grade teacher who found "no problems observed in this domain" (Tr. 273); and (3) records from Plaintiff's treating and examining physicians that uniformly indicated no behavioral problems on exams (Tr. 33). For all of these

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

1    reasons, substantial evidence supports the ALJ's finding of a less than marked

2    limitation in the domain of interacting and relating with others.

3    **2. Attending and Completing Tasks**

4    In the 'attending and completing tasks' domain, the ALJ assesses how well

5    the child can focus and maintain attention, and how well the child begins, carries

6    through, and finishes activities. 20 C.F.R. § 416.926a(h). A typically functioning

7    school-age child (age 6 to attainment age of 12) is expected to: focus attention in a

8    variety of situations in order to follow directions, remember and organize school

9    materials, and complete assignments; concentrate on details and not make careless

10   mistakes in work; change activities or routines without distracting yourself or

11   others and stay on task and in place when appropriate; sustain attention well

12   enough to participate in a group sport, read by yourself, and complete family

13   chores; and complete a transition task without extra accommodation. §

14   416.926a(h)(2)(iv).

15   The ALJ found a less than marked limitation in the domain of attending and

16   completing tasks. Tr. 31-32. Plaintiff generally assigns the same error in this

17   domain that he did in the interacting and relating with others domain discussed

18   above. Namely, Plaintiff contends that the ALJ erred by making "no specific

19   findings relating to this domain," choosing instead to improperly rely on Dr.

20   Moore's expert testimony. ECF No. 14 at 23-24. However, as above, the ALJ's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 23

findings in this domain relied on evidence in addition to Dr. Moore's opinion that

Plaintiff had less than marked limitations in the area of attending to and completing

tasks. *See Andrews*, 53 F.3d at 1041. First, the ALJ cited psychoeducational

assessment records that supported discontinuing IEP services and concluded that

despite "some difficulty due to limited work effort, [Plaintiff's] behaviors now fall

within the normal range for his age and gender." Tr. 221. Second, the ALJ

referenced a questionnaire completed by Plaintiff's fifth grade teacher finding

either "no problems" or "a slight problem" in the attending and completing tasks

domain. Tr. 272. Finally, treatment notes from Dr. Nand, Plaintiff's treating

provider, referenced variable concentration skills. Tr. 32. Plaintiff correctly notes

that the ALJ also cites evidence that could be considered more favorable to

Plaintiff's claims, including: Dr. Barnard's reports that Plaintiff showed difficulty

during testing following tasks and staying focused (Tr. 325); and a teacher

questionnaire completed by Plaintiff's fourth grade teacher indicating that he does

not complete work independently and finishes early with no accuracy, but also

noting that it was unclear if Plaintiff's issues were due to "capability or poor

attitude." Tr. 247. However, where, as here, the evidence is susceptible to more

than one rational interpretation, the ALJ's conclusion must be upheld. *See Burch*,

400 F.3d at 679.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 24

Plaintiff also argues that the ALJ failed to consider Dr. Gilbert's assessment that Plaintiff had a marked limitation in the domain of attending and completing tasks. ECF No. 14 at 24-25. However, as discussed above, the ALJ did not err in failing to discuss Dr. Gilbert's "opinion," and thus did not err in failing to include Dr. Gilbert's finding as part of the assessment of this domain. As a final matter, in order to be functionally equivalent, an impairment must "result in 'marked' limitations in *two* domains of functioning." § 416.926a(a)(emphasis added). Thus, even if the ALJ erred in failing to find a marked limitation in this domain, any error is harmless because the ALJ correctly found no limitations or less than marked limitations in the remaining five domains. *See Carmickle*, 533 F.3d at 1162 (an error is harmless as long as there is substantial evidence supporting the ALJ's decision, and the error does not affect the ultimate nondisability determination). For the reasons discussed above, the ALJ's finding of less than marked limitation in the domain of attending and completing tasks was supported by substantial evidence.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 25

1      2.  Defendant's Motion for Summary Judgment, ECF No. 17, is

2          **GRANTED**.

3      The District Court Executive is hereby directed to enter this Order and

4  provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

5  the file.

6      **DATED** this 4th day of August, 2015.

7                              ____s/Fred Van Sickle_____
                                      Fred Van Sickle
8                              Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 26